IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DANIEL PURDY,**

       **Plaintiff,**　　　　　　　　　　　　Civil Action 2:21-cv-5353
　　　　　　　　　　　　　　　　　　　　　Judge Michael H. Watson
   v.　　　　　　　　　　　　　　　　Magistrate Judge Elizabeth P. Deavers

**KIEWIT CORPORATION**, *et al.*,

       **Defendants.**

## REPORT AND RECOMMENDATION

On June 1, 2022, the Court granted Plaintiff's counsel filed a Motion to Withdraw as Counsel. (ECF No. 26.) In that same Order, the Court set a telephonic status conference for June 23, 2022 at 10:00 A.M. (*Id.*) Plaintiff was specifically cautioned that failure to appear could result in the Undersigned's recommendation that the Court dismiss his case for failure to prosecute. On June 23, 2022, however, Plaintiff failed to appear for the noticed telephonic status conference. (*See* ECF No. 29.) Accordingly, on June 23, 2022, the Court directed Plaintiff to show cause by July 7, 2022 why the Court should not dismiss this case for failure to prosecute. (*Id.*) In that Order, the Court again specifically advised Plaintiff that the Court would dismiss this case if he failed to respond. (*Id.*) To date, Plaintiff has not responded to the Court's June 23, 2022 Show Cause Order.

Separately, on July 14, 2022, the Court noted that mail sent by the Clerk to Plaintiff, containing the Court's June 1, 2022 Order, was returned undeliverable, and advised Plaintiff that he has an affirmative duty to notify the Court of any change in address. (ECF No. 31.) The Court then directed Plaintiff to file a written status report that includes his new address within twenty-one (21) days, and the Court specifically advised Plaintiff that failure to do so would

result in the recommendation that Plaintiff's claims be dismissed for failure to prosecute. (*Id.*) To date, Plaintiff also has not responded to the Court's July 14, 2022 Order.

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action with prejudice pursuant to Federal Rule of Civil Procedure Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action because of their failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted).

On June 1, 2022, June 23, 2022, and July 14, 2022, the Court expressly cautioned Plaintiff that failure to comply with the Court's Orders may result in dismissal for failure to prosecute. (ECF Nos. 26, 29.) *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is [] a key consideration" in whether dismissal under Rule 41(b) is appropriate); *see also Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). While the Court is mindful of Plaintiff's recent *pro se* status, dismissal is nevertheless appropriate given Plaintiff's failure to comply with the readily comprehended deadlines. *See Steward*, 8 F. App'x at 296-297 (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Defendants **WITH PREJUDICE** under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: August 8, 2022**          */s/ Elizabeth A. Preston Deavers*
                                  **ELIZABETH A. PRESTON DEAVERS**
                                  **UNITED STATES MAGISTRATE JUDGE**